IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 04-cv-02143-PSF-PAC

UNITED STATES OF AMERICA,

    Plaintiff,

v.

$20,330.00 IN UNITED STATES CURRENCY,

    Defendant.
_____

**ORDER ON JUNE 17, 2005 RECOMMENDATION OF MAGISTRATE JUDGE**
_____

    This matter comes before the Court on the recommendation of the Magistrate Judge entered June 17, 2005, in which she recommended denial of Claimant Claudio Baca's Motion to Quash Forfeiture and Request for Hearing (Dkt. # 21) and Claimant's Motion Requesting Speedy Trial and/or Speedy Disposition of Forfeiture Proceeding (Dkt. # 20), both of which were filed on February 25, 2005.

    Pursuant to F.R.Civ.P. 72(b) and 28 U.S.C. § 636(b)(1), the parties had 10 days to file written objections to the Recommendation.  More than 10 days have elapsed and no objections have been filed by any party.  The Court accepts the recommendations of the Magistrate Judge as to each motion listed above for the reasons set forth in her Recommendation.

    Specifically, the Court finds that the allegations of the verified complaint are sufficient under Rule E(2)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims to allow Claimant to commence an investigation of the facts and to

frame a responsive pleading as he has already done.  The Court also finds that the allegations are sufficient to link the currency at issue to illegal drug activity generally, and therefore satisfy a reasonable belief that the currency is subject to forfeiture.  Accordingly, plaintiff's Motion to Quash Forfeiture and Request for Hearing (Dkt. # 21) is DENIED.

The Court also finds rejects Claimant's argument that the action should be dismissed for failure to timely provide him with notice of the seizure and failure to timely file the action under 18 U.S.C. § 983(a).

The statute provides that under the circumstances of the seizure in the instant case, notice of seizure shall be sent to interested parties "not more than 90 days after the date of seizure by the State or local law enforcement agency." 18 U.S.C. § 983(a)(1)(A)(iv).  The record reflects that the government sent a notice to Claimant's listed home address on September 16, 2003, within 90 days of the earliest seizure of currency, which occurred on July 23, 2003.  Although the notice apparently did not reach Claimant as it was returned undeliverable, the government used reasonable means to deliver the notice by sending it to his last known address.  Furthermore, the record reflects that the government diligently pursued attempts to deliver notice to Claimant, finally locating him in the Cibola County Jail in May 2004.  Under these circumstances, the Court finds that the government complied with the requirements of 18 U.S.C. § 983(a)(1)(A)(iv).

Title 18 U.S.C. § 983(a)(2)(B) permits a claimant to file an administrative claim within 35 days after mailing of the notice.  Section 983(a)(3)(A) of that title requires that

if an administrative claim is filed, the government must initiate the complaint for forfeiture within 90 days of the filing of the administrative claim, or return the property.

Claimant here filed an defective administrative claim within 35 days of the notice letter but was given an opportunity to correct his claim. He did so by filing his corrected claim on July 30, 2004. The government filed the complaint in this case on October 15, 2004, within 90 days of the corrected claim. Under these circumstances the Court cannot find that the government filed to file timely its complaint. Accordingly, Claimant's Motion requesting Speedy Trial and/or Speedy Disposition of Forfeiture Proceeding (Dkt. # 20) is DENIED.

DATED: July 7, 2005

BY THE COURT:

s/ Phillip S. Figa

_____
Phillip S. Figa
United States District Judge