IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  04-cv-02143-PSF-PAC

UNITED STATES OF AMERICA,

    Plaintiff(s),

v.

$20,330.00 IN UNITED STATES CURRENCY,

    Defendant(s).

ORDER

Patricia A. Coan, United States Magistrate Judge

This is a civil forfeiture action under 21 U.S.C. §881.  The matters before the court are Claimant Baca's "Motion to Withdraw or Amend Previous Motion Requesting Summary Judgment or in Alternative Show Cause for Judgement (of October 17, 2005)" [filed November 25, 2005] and Motion to Stay Proceedings [filed December 6, 2005].

In his Motion to Withdraw, Claimant asks permission to withdraw his "Motion for Summary Judgment. . ." filed October 17, 2005.  Claimant explains that he does "not want this case to be judged or ruled on by a judge.  I want a jury to decide this case."

The Government does not object to withdrawal of Claimant's summary judgment motion, but argues that Claimant's jury demand should be rejected as untimely.

Claimant has a Seventh Amendment right to a jury trial in this civil forfeiture proceeding upon timely demand.  *See United States v. One 1976 Mercedes Benz 280S*, 618 F.2d 453, 456 (7th Cir. 1980); *United States v. Premises Known as RR No. 1 Box 224,*

1

Civil Action No. 04-cv-02143-PSF-PAC
December 18, 2005

14 F.3d 864, 865 (3rd Cir. 1994); *United States v. Real Property Located at 2101, 2280, 2401 and 2501 Maple Street*, 750 F.Supp. 817, 819 (E.D.Mich. 1990).

Fed.R.Civ.P. 38(b)[1] requires that a jury demand be made within ten days after service of the last pleading directed to the complaint. Failure to serve and file a demand in accordance with Rule 38(b) constitutes a waiver of trial by jury. Fed.R.Civ.P. 38(d); *see*, *also*, *Scharnhorst v. Independent School Dist. No. 710*, 686 F.2d 637, 641 (8th Cir. 1982)("Waiver by failure to make a timely demand is complete even though it was inadvertent, unintended and regardless of the explanation or excuse")(quoting 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, §2321, at 102 (1971)).

Claimant filed his Answer to the Verified Complaint for Forfeiture In Rem on January 24, 2005. He did not demand a jury trial in his Answer or within ten days thereafter. Claimant has not explained the reason for his almost eleven-month delay in making a jury trial demand. I thus find that Claimant has waived his right to a jury trial. *See United States v. 110 Bars of Silver,* 508 F.2d 799, 801 (5th Cir. 1975)(concluding that claimant in civil forfeiture action waived his right to jury trial by filing jury demand forty-one days after he filed a supplemental answer); *United States v. Premises Known as 417 East Grand Avenue, Garland Cnty., Hot Springs, Ark.*, 761 F.Supp. 657, 658 (W.D.Ark. 1991)(denying claimant's demand for jury trial because jury demand was filed several months late without

---

[1] The Federal Rules of Civil Procedure apply in civil forfeiture cases. *See U.S. v. 51 Pieces of Real Property Roswell,* N.M., 17 F.3d 1306, 1308 n.2 (10th Cir. 1994); 4 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1020, at 92 (2d ed. 1995) ("The Federal Rules of Civil Procedure are ... applicable to actions for forfeiture of property for violation of a statute of the United States.").

Civil Action No. 04-cv-02143-PSF-PAC
December 18, 2005

explanation).  This case will thus be resolved by the court.  Accordingly, it is

**HEREBY ORDERED** that Claimant Baca's demand for a jury trial is **DENIED** as untimely.  It is

**FURTHER ORDERED** that Claimant shall advise the court in a written pleading filed **on or before February 10, 2006,** whether he intends to pursue his October 17, 2005 Motion for Summary Judgment (given the court's ruling that he has waived his right to a jury trial) or if he still wishes to withdraw that motion.   It is

**FURTHER ORDERED** that Claimant's Motion to Stay Proceedings [filed December 6, 2005] is **DENIED**.  The court will ensure that Claimant is not be prejudiced by any delays in receiving pleadings or court orders filed in this case, or by Claimant's lack of access to legal materials or services, while Claimant is incarcerated temporarily in the Colorado Territorial Correctional Facility.

Dated December 19, 2005.

> BY THE COURT:
>
> s/ Patricia A. Coan
> PATRICIA A. COAN
> United States Magistrate Judge