IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02143-PSF-PAC

UNITED STATES OF AMERICA,

      Plaintiff,

v.

$20,330.00 IN UNITED STATES CURRENCY,

      Defendant,

_____

CLAUDIO BACA,

      Claimant.

---

**ORDER ON: (1) APPEAL FROM MAGISTRATE JUDGE'S ORDER OF NOVEMBER 15, 2005, (2) MOTION TO REVERSE ORDER, FILED AUGUST 12, 2005; and (3) MOTION TO CLARIFY, FILED JANUARY 11, 2006**

---

This matter comes before the Court on the January 11, 2006 "appeal" by Claimant Claudio Baca (Dkt. # 82) from an order entered by the Magistrate Judge on November 15, 2005 (Dkt. # 70), and his Motion To Reverse Order (Dkt. # 46), filed August 12, 2005, as well as his Motion Requesting Clarification (Dkt # 81) also filed January 11, 2006.

In her order of November 15, 2005, the Magistrate Judge struck from the file in this case a "traverse" which had been filed by claimant on September 21, 2005, purportedly pursuant to Rule 102, Colorado Rules of Civil Procedure. The Magistrate Judge found that such a filing was not appropriate as this is a federal civil forfeiture action. Claimant filed his "appeal" from that non-dispositive order on January 11, 2006,

presumably pursuant to Rule 72(a), F.R.Civ.P.  However, that rule provides that any

objection to a non-dispositive order must be filed within ten days after service of such

order. Claimant's filing, made nearly 60 days after the Magistrate Judge's order, is not

timely.

However, even if claimant's objection were timely, this Court would deny it.

Claimant makes no showing that the order of the Magistrate Judge is "clearly

erroneous" or "contrary to law" as required by Rule 72(a).  There is no doubt, as even

claimant now recognizes, that the Colorado Rules of Civil Procedure do not apply in

this civil forfeiture case.  If claimant's actual concern is that the Court take into

consideration the matters contained in the traverse, at the appropriate time he can file

that document in support of a motion filed by him, or in opposition to a motion filed by

the government, and at that time set forth the matters contained in his lengthy, but now

stricken traverse.  Hence, claimant's "appeal" (Dkt. # 82) is DENIED.

In his Motion To Reverse (Dkt. # 46), filed August 12, 2005, claimant requests

this Court to rescind its Order of July 7, 2005 (Dkt. # 33), which accepted the

recommendation of the Magistrate Judge entered on June 17, 2005, and denied

claimant's motion to quash the forfeiture.  Claimant asserted that this Court acted prior

to claimant having an opportunity to file an objection to the recommendation of the

Magistrate Judge, despite the fact that 19 days elapsed between her recommendation

and the issuance of the Order.  Claimant asserts, essentially, that as an inmate under

the "mailbox rule" he should have had more time to file his objection.  He asserts in this

motion that he filed his objection timely on July 8, 2005 (Dkt. 34), the day after this

Court entered its order.  His filing of July 8, 2005 was denied by the Magistrate Judge

on July 18, 2005 (Dkt. # 37), in part because it was found to be untimely filed.  Claimant

never filed an objection with this Court to the ruling entered by the Magistrate Judge on

July 18, 2005, but he did file his Motion to Reverse on August 12, 2005.

Based on claimant's Motion to Reverse, this Court has reviewed his filing of July

8, 2005, and has treated it as a motion to reconsider this Court's order of June 17,

2005. The Court finds that claimant's July 8, 2005 filing makes many of the same

arguments originally made in he motion seeking to quash the forfeiture (Dkt. # 21),

which is the motion this court denied on July 7, 2005.  To the extent that the July 8,

2005 filing makes other arguments, the Court finds no reasons contained therein that

lead it to reconsider its acceptance of the Magistrate Judge's recommendation of June

17, 2005.

Accordingly, claimant's Motion to Reverse (Dkt. # 46) is DENIED.  His filing of

July 8, 2005, (Dkt. # 34) to the extent it is treated as an objection to the

recommendation of the Magistrate Judge, is OVERRULED.  To the extent it is treated

as motion for reconsideration, it is DENIED.

Finally, claimant's Motion Requesting Clarification and Hearing (Dkt. # 81)

requests a clarification of the status of his Motion to Reverse, and a hearing on same.

As the Motion to Reverse is now ruled on, that motion is DENIED.

DATED: January 20, 2006

BY THE COURT:

*s/ Phillip S. Figa*

_____

Phillip S. Figa
United States District Judge